IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-136

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | **ORDER** |
| ) | |
| SMITH MERINORD and CORTESE ) | |
| TRAMAND DAVIS,            ) | |
| Defendants.           ) | |

This matter is before the Court on defendants' motions to dismiss certain counts of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3) for failure to state an offense, as well as various discovery motions. The government has responded and the matters are ripe for ruling. Each defendant filed virtually identical motions, thus the Court addresses them together. For the following reasons, defendants' motions to dismiss and motions for production of favorable and impeaching evidence are denied, and defendants' motions for sequestration are denied in part and granted in part.

BACKGROUND

On April 28, 2015, both defendants were named in a 12-count indictment that arose from five separate robberies. Mr. Merinord was charged with three counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2, and three counts of brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Mr. Davis was charged with five counts of Hobbs Act robbery and five counts of brandishing a firearm in relation to a crime of violence. Following detention hearings on May 14, 2015, both defendants were detained pending trial pursuant to 18 U.S.C. § 3142. A superseding indictment was filed on September 9, 2015, which alleges crimes identical to the original indictment. On September 14, Mr. Merinord filed a

motion to dismiss all counts charging a violation of § 924(c), in which he argues that Hobbs Act robbery does not constitute a crime of violence for purposes of § 924(c)(3). Mr. Davis filed an identical motion to dismiss on September 25, 2015. The government argues in opposition that Hobbs Act robbery falls within the definition of crime of violence set forth in § 924(c)(3), thus the superseding indictment is valid as written. Each defendant also filed a motion for production of favorable and impeaching evidence and a motion for sequestration of government witnesses.

## DISCUSSION

*Discovery Motions*

The Court denies defendant's motion for production of favorable and impeaching evidence. The government is already obligated to disclose to defendant and his counsel all favorable evidence and the existence of any payments, promises, plea agreements, immunity, leniency, or preferential treatment made to prospective witnesses in this case pursuant to the Due Process Clause of the Fifth Amendment, *United States v. Giglio*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). Defendant's request for such evidence is noted, but defendant's motion gives no indication that the government failed to meet its obligations here. Accordingly, a court order is unnecessary and the motion is denied.

In his motion for sequestration, defendant first asks that all witnesses be sequestered from hearing others' testimony for the duration of defendant's trial pursuant to Rule 615 of the Federal Rules of Evidence and *United States v. Farnham*, 791 F.2d 331 (4th Cir. 1995). Rule 615 provides for the exclusion of witnesses, at the request of a party, as a matter of right. *Farnham*, 791 F.2d at 334. The government's investigating agent may be exempted from sequestration. *See United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983).

2

The government does not object to the issuance of a sequestration order, but requests that its investigating agent be exempted pursuant to Rule 615 and that any such order also apply to defense witnesses. The Court therefore grants defendant's motion and orders that the United States designate one case agent as its "representative" for the duration of defendant's trial and orders the sequestration of all other government witnesses from hearing others' testimony for the duration of defendant's trial. Pursuant to the government's request, the Court also orders the sequestration of all witnesses and potential witnesses that the defense plans to call at trial.

*Motions to Dismiss*

An individual must have possessed a firearm in furtherance of a "crime of violence" in order to be convicted under 18 U.S.C. § 924(c). A crime of violence is defined as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," also known as the force clause, or "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," also known as the residual clause. 18 U.S.C. § 924(c)(3). The indictment at issue here alleges that the predicate crimes of violence are Hobbs Act robberies as set forth in 18 U.S.C. § 1951. Defendants argue that Hobbs Act robberies do not qualify as "crimes of violence" as a matter of law. The Court declines to adopt defendants' arguments.

At the outset, the Court notes that numerous courts have considered Hobbs Act robberies an appropriate predicate offense for a violation of § 924(c). *See, e.g., United States v. Kennedy*, 133 F.3d 53, 59 (D.C. Cir. 1998); *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993); *United States v. Farmer*, 73 F.3d 836, 342 (8th Cir. 1996). As defendants rightly point out, however, these cases do not explain whether they rely on the force clause or the residual clause to categorize Hobbs Act robbery as a crime of violence for purposes of § 924(c). Moreover, these

3

cases were decided before the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act. *Johnson*, however, only purports to affect the residual clause of § 924(c)(3). Accordingly, the Court will first consider whether Hobbs Act robbery falls within the force clause.

Defendants argue that the Court should apply the categorical approach to determine whether a Hobbs Act robbery falls within § 924(c)'s definition of a crime of violence. The categorical approach directs courts to look "only to the statutory definition of the . . . crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence." *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (internal citations omitted). "Under that approach, we consider only the elements of the statute of conviction rather than the defendant's conduct underlying the offense." *Omargharib v. Holder*, 775 F.3d 192, 196 (4th Cir. 2014). The categorical approach, however, only is applicable to indivisible statutes. Where a statute "sets out one or more elements of the offense in the alternative," courts apply the "modified categorical approach," which directs the court to look at certain documents to determine which of the alternative means of commission the defendant employed. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

The world of the categorical approach and modified categorical approach is not a model of clarity, to say the least. Though there is a wealth of jurisprudence on the issue, it appears to have become more, rather than less, confusing over time. Nevertheless, the Court will wade into the morass. A crime is divisible "if it is defined to include multiple alternative *elements* (thus creating multiple versions of a crime), as opposed to multiple alternative *means* (of committing the same crime)." *Omargharib*, 775 F.3d at 198 (emphasis in original). Elements "are factual

4

circumstances of the offense the jury must find unanimously and beyond a reasonable doubt." *Id.* (internal citation and quotation omitted). The key appears to be how courts typically instruct juries as to the offense of conviction. *See United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2014). Where a jury is not instructed that they must agree on which of various means the defendant employed to commit a crime, the crime is not divisible. *Id.* Stated differently, if each juror need only agree that one of multiple alternatives occurred without unanimously settling on which alternative occurred, the crime is not divisible. *Id.*

Accordingly, the Court must look at how juries are typically instructed on Hobbs Act robberies. The Hobbs Act requires the government to prove "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." *United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (internal citations and quotations omitted). It does not appear that the statute is divisible, as juries need not decide whether the defendant used actual force, threatened force, violence, fear, or acted under color of official right. Accordingly the Court will apply the categorical approach.[1]

Thus, the Court must determine whether the Hobbs Act qualifies as a crime of violence by evaluating the most innocent conduct criminalized by its language. *Torres-Miguel*, 701 F.3d at 167. In pertinent part, the Hobbs Act prohibits "the unlawful taking or obtaining of personal

---

[1] Assuming *arguendo* that the modified categorical approach should apply, the indictment clearly alleges that defendants committed Hobbs Act robbery by "unlawfully taking and obtaining personal property from the person and in the presence of another, against that person's will, by means of actual and threatened force." Accordingly, defendants are charged with crimes that have, as an element, the use of force against a person of another, and as such, is within the definition of crime of violence found in § 924(c)(3)(A). Even if the Court applied the modified categorical approach, therefore, defendants' motions to dismiss the § 924(c) counts would be without merit.

5

property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future." 18 U.S.C. § 1951(b)(1). Section 924(c)(3), in turn, requires that a predicate crime have as an element the use, attempted use, or threatened use of physical force against the person or property of another. "Physical force" is defined in virtually identical statutory context as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (discussing the force clause of § 924(e)(2)(B)(i)). Defendants argue that robbery by "fear of injury" does not require the use of physical force.

The phrase "fear of injury," however, must be read in context with the other language in the statute. *See id.* at 139–40. A commonsense approach dictates that robbery by fear of injury requires, at minimum, the attempted or threatened use of force capable of causing physical pain or injury. Any other result would be contrary to the plain meaning and common understanding of the words. *See id.* ("Ultimately, context determines meaning and we do not force term-of-art definitions into context where they plainly do not fit and produce nonsense") (internal quotations and citations omitted). An act or threatened act that engenders fear of injury necessarily implies force capable of causing physical pain or injury. *See United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).[2] The Court can conceive of no scenario in which a person commits robbery by fear of physical injury without threatening physical harm to the person or property of another—even the vaunted example of poison fails.

---

[2] Hobbs Act robbery can also be committed by placing someone in fear of injury to his property. Defendants argue that Hobbs Act robbery by fear of injury to his property can be committed without "violent force" against the property, but *Johnson*, which defines physical force, only discusses injury to a person. The Court declines to extend *Johnson*'s definition to property injuries, and finds that any Hobbs Act robbery committed by fear of injury to a person's property necessarily requires use of force capable of causing injury to that property. Absent force such force, no person would fear injury to their property.

6

Where the victim necessarily experiences fear of bodily injury or fear of property injury, by definition, he must experience force capable of causing said injury.

Defendants further argue that intent is a critical element of § 924(c)(3)(A), and putting another in fear of injury does not require an intentional threat of physical force. *See Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2005) (implying that where a crime "does not contain as an element that there be the intentional employment of physical force against a person or thing," a crime did not fall within the force clause). This argument "envisions a somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury." *United States v. Standberry*, No. 3:15-CR-102-HEH, 2015 WL 5920008, *4 (E.D. Va. Oct. 9, 2015). Again, the Court can conceive of no scenario where this occurs. The taking of personal property from another by fear of injury clearly entails a higher degree of intent than negligent, accidental, or reckless conduct.

Defendants argue that case law requires the adoption of the mens rea under the federal bank robbery statute, which requires that "an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts." *Woodrup*, 86 F.3d at 363. According to defendants, because it is immaterial whether the defendant intended to create fear, bank robbery (and by analogy, Hobbs Act robbery) criminalizes conduct that does not require an intentional threat of physical force. However, it simply is not possible to intentionally take someone's property by fear of injury without intending to create fear of injury. As one of Charles Dickens' characters, Mr. Bumble, famously observed, "[i]f the law supposes that, the law is an ass, an idiot." Charles Dickens, *Oliver Twist* 463 (3d ed. The New American Library 1961). He was referring, of course, to a legal fiction that had no basis in reality. To find that one

7

could intentionally take someone's property by fear of physical injury without employing an intentional threat of physical force would indeed, make the law an ass.

This Court, therefore, as have the other courts to consider this issue in the wake of *Johnson*, finds that Hobbs Act robbery contains as an element the actual, attempted, or threatened use of physical force against the person of another and is a crime of violence under § 924(c)(3)(A). *See United States v. Redmond*, No. 3:14-CR-226-MOC, 2015 WL 5999317 (W.D.N.C., Oct. 13, 2015); *United States v. Standberry*, 3:15-CR-102-HEH, 2015 WL 5920008 (W.D.N.C. October 9, 2015); *United States v. Mackie*, No. 3:14-CR-183-MOC, 2015 WL 5732554 (W.D.N.C. Sept. 30, 2015). As such, the Court declines to consider defendants' argument that the residual clause of § 924(c)(3) is void for vagueness.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 48, 59] and motions for production of favorable and impeaching evidence [DE 49, 56] are DENIED. Defendants' motions to sequester [DE 50, 57] are DENIED IN PART AND GRANTED IN PART.

SO ORDERED, this **23** day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE