IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-136-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CORTESE TRAMAND DAVIS, ) | |
| Defendant. ) | |
| ) | |

This cause came before the Court for sentencing on August 29, 2016, at Raleigh, North Carolina. The Court sentenced defendant for the reasons given at sentencing and discussed below.

## BACKGROUND

On June 1, 2016, defendant pled guilty to Hobbs Act Robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2 (Count Seven); using, carrying, and brandishing a firearm during and in relation to a crime of violence and possessing and brandishing a firearm in furtherance of a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 (Count Eight); another count of Hobbs Act Robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2 (Count Nine); and another count of using, carrying, and brandishing a firearm during and in relation to a crime of violence and possessing and brandishing a firearm in furtherance of a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 (Count Ten).

Defendant was sentenced on August 29, 2016, to 144 months' imprisonment on Counts 7 and 9, 84 months' imprisonment to run consecutively on Count 8, and 300 months' imprisonment to run consecutively on Count 10, for a total of 528 months' imprisonment. Defendant's sentence also included other terms as announced and consistent with the judgment.

## DISCUSSION

At sentencing, the Court read a victim impact statement from the robbery and rape victim of one armed robbery to which defendant pled guilty, heard allocution from two victims of armed robberies that were considered offense behavior not part of relevant conduct, and heard from a law enforcement officer from the Fayetteville Police Department who testified on the evidence supporting defendant's validated gang member status. Additionally, the Court previously presided over the June 2016 trial of defendant's co-defendant.

In imposing the sentence, the Court considered the factors in 18 U.S.C. § 3553(a). First, the Court considered the nature and circumstances of the offenses and found them abhorrent. Defendant participated in a string of armed robberies that terrorized and traumatized with lasting effects store clerks in multiple North Carolina cities. Moreover, even taking defendant at his word that he did not commit the act itself, defendant condoned and enforced the brutal rape of a store clerk. In that instance, defendant had the opportunity to intercede but instead demonstrated his willingness to be a part of and endorse the brutality instead. When considering the characteristics of the defendant, the Court found this behavior shameful.

Further, the Court reflected on the need for the sentence to reflect the seriousness of these offenses and found that the guideline range was not sufficient to do so. The Court considered the profound disrespect for the rule of law that defendant's actions reflected and the need for the sentence imposed to promote such respect in defendant in the future. The Court also considered the need for the sentence imposed to provide just punishment for the offenses, particularly the enduring impact on the victims' lives, as revealed in the allocution of the first victim, who stated she could no longer work in a job in which she interacts with members of the public, and the second victim, who stated he now pays $160 per week out of his own pocket for private security

to accompany him to work. The Court considered the strong need to afford adequate deterrence to a defendant who had the opportunity to stop his conduct at several points in time but instead persisted in carrying out multiple armed robberies. The Court took seriously its charge to protect the public from the commission of further crimes by the defendant, who repeatedly demonstrated his disregard for the law and the safety of law-abiding members of the public.

The Court further considered the sentence given to defendant's co-defendant, Smith Merinord. Merinord had a trial on the counts to which defendant pled guilty as well as two additional counts. At trial, Merinord was identified as the man who committed the rape. Merinord was sentenced to a total of 865 months' imprisonment.

The Court also considered the need for restitution to the victims of defendant's crimes.

Finally, the Court reflected on defense counsel's remarks and arguments in mitigation, particularly those detailing defendant's troubling upbringing and family life, but found that they did not outweigh the considerations above.

## CONCLUSION

For the reasons discussed above, as well as those announced from the bench at sentencing, the Court finds that the sentence given is sufficient but not greater than necessary to achieve the goals of sentencing.

SO ORDERED, this **31** day of **August**, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3